Cynthia WARREN, Plaintiff–Appellant,

v.

NORTH SHORE UNIVERSITY HOSPITAL AT FOREST HILLS, Defendant–Appellee.

No. 06–4980–cv.

United States Court of Appeals, Second Circuit.

March 7, 2008.

Roosevelt T. Seymour, Brooklyn, NY, for Appellant.

Steven Swirsky, Barbara A. Gross, Eric B. Topel, Epstein Becker & Green, P.C., New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Cynthia Warren, a physician assistant ("PA") employed by defendant-appellee North Shore University Hospital at Forest Hills ("North Shore"), brought this action alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and state and municipal law. Warren appeals from a September 29, 2006, 2006 WL 2844259, memorandum and order of the district court granting summary judgment in favor of North Shore. We assume the parties' and counsel's familiarity with the facts and procedural history of this case and the scope of the issues presented by this appeal.

■ "We review a grant of summary judgment *de novo.*" *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007). Employing the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), we conclude that Warren established a prima facie case of race discrimination for North Shore's failure to hire her for (or promote her to) the orthopedics position following her interview with Dr. Ackerman. Warren is black, she applied and was qualified for the open PA position, she was rejected, and the persons hired were white. *See Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 129 (2d Cir.1996), *cert. denied,* 520 U.S. 1228, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997). North Shore, in turn, has met its burden of production as to a legitimate non-discriminatory reason for not hiring (or promoting) Warren: Dr. Ackerman testified that the applicants he hired displayed an enthusiastic, pro-patient attitude, whereas he was informed by his colleagues that Warren "wasn't really good with the patients." Because North Shore has met its burden of production, the presumption of discrimination created by Warren's prima facie case "drops out of the picture," *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and the burden shifts back to Warren to produce "sufficient evidence to find that the employer's asserted justification is false," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■ Warren offers abundant evidence that she works very well with patients. We agree with the district court, however, that the material issue is not whether Warren is in fact good with patients, but rather whether Dr. Ackerman truly received negative feedback about Warren from other orthopedic surgeons and based his hiring decision on that feedback. Warren offers no substantive evidence that Dr. Ackerman's asserted reasons for not hiring Warren were false, and we therefore must conclude that there is no genuine issue of material fact to be decided by a jury.

Warren contends that her evidence of working well with patients is, in essence, circumstantial evidence that Dr. Ackerman did not receive negative feedback about Warren's patient-care abilities, and that

the district court improperly weighed the credibility of Dr. Ackerman's testimony against that circumstantial evidence. We are not persuaded. "Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors," including "the probative value of the proof that the employer's explanation is false." *Reeves*, 530 U.S. at 148–49, 120 S.Ct. 2097. Here, Warren did not produce any evidence to contradict Dr. Ackerman's assertion that he based his decision on negative feedback he received from his colleagues. For example, although Dr. Ackerman identified by name two orthopedic surgeons—Drs. Reddy and Sinha—who had told him that Warren "wasn't really good with the patients," Warren produced no affidavits or deposition testimony from those two surgeons to suggest that they had not communicated those views to Dr. Ackerman. "It is incumbent upon a court in a discrimination case to examine the entire record to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 101 (2d Cir. 2001) (internal quotation marks and citations omitted). We conclude that Warren's evidence that she did in fact work well with patients was not sufficiently probative with respect to Dr. Ackerman's veracity so as to create a genuine issue of material fact on her race discrimination claim.

■ Turning now to Warren's race and retaliation claims with respect to various terms, conditions, and privileges of employment once she obtained a promotion to a PA position in general surgery, we conclude that Warren has not established a prima facie case for the delay in her transfer to surgery, the delay in her orientation in the pharmacy, or her evening shift assignments, as these are not adverse employment actions within the meaning of antidiscrimination law. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006); *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir.2001); *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000).

As for Warren's claims regarding her workload, we do think this is an adverse employment action establishing a prima facie case. *See Burlington Northern*, 126 S.Ct. at 2416; *Feingold v. New York*, 366 F.3d 138, 153 (2d Cir.2004). North Shore has also met its burden of producing legitimate non-discriminatory reasons for its treatment of Warren: The comparators she identified, Bernstein and Fyrberg, were brought to North Shore with Drs. Tenembaum and Drew to work exclusively in the operating room. North Shore's asserted reasons therefore shift the burden back to Warren, and—as was the case regarding Dr. Ackerman—Warren has failed to produce "sufficient evidence to find that the employer's asserted justification is false," *Reeves*, 530 U.S. at 148, 120 S.Ct. 2097.

■ With regard to Warren's claim that the salary differential between her and PA Fyrberg was motivated by race or retaliation, we employ a slightly different analysis from that of the district court. Warren correctly notes that North Shore did not come forward with a legitimate non-discriminatory reason for paying Warren less than Fyrberg. However, Warren did not raise a salary-based claim in her amended complaint, thereby depriving North Shore of the opportunity to produce such evidence during discovery. The *McDonnell Douglas* framework does not entail a burden of production on the employer for a plaintiff's claims not timely raised.

For the foregoing reasons, the judgment of the district court is AFFIRMED.